## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

DRAKENOLD TUAN NGUYEN

PETITIONER

REG. #66608-079

vs.                                        2:08 CV00217 JTR

T.C. OUTLAW, WARDEN,
FCI Forrest City, Arkansas                                    RESPONDENT

## MEMORANDUM AND ORDER

### I.  Background

On December 23, 2008, Petitioner, Drakenold Tuan Nguyen, filed this § 2241 habeas action. (Docket entry #2).  On March 9, 2009, Respondent filed a Motion to Dismiss.  (Docket entry #11). Petitioner has filed a Response to the Motion, (docket entry #12), and the issues are now joined and ready for disposition.[1]

Before addressing Respondent's Motion, the Court will review the pertinent procedural history of this case.  On June 16, 1997, Petitioner was convicted of money laundering in the United States District Court for the Southern District of Texas.[2]  Case Number H-95-CR-00010-SSS-002 (Document entry #2).  He was sentenced to 42 months in prison, followed by 3 years of supervised release.  (Document entry #2).  Petitioner apparently completed serving this sentence and was released on October 13, 1999.[3]

---

[1] The parties have consented to proceedings before a United States Magistrate Judge. (Docket entry #9).

[2] Petitioner was prosecuted in the United States District Court for the Southern District of Texas under the name of Tuan Anh Nguyen.  (Docket entry #2).

[3] Petitioner's presentence report prepared in connection with his 2006 conviction states that he was released on October 13, 1999.  (Docket entry #2.)  Under the Federal Sentencing Guidelines,

On October 13, 2006, Petitioner was convicted of conspiracy to distribute and possession with intent to distribute more than 1,000 kilograms of marijuana in the United States District Court for the Eastern District of Wisconsin.  Case Number 05-CR-228 (document entry #12).  Petitioner's sentence was enhanced as a result of his 1997 conviction in the Southern District of Texas.  He was sentenced to 240 months which he is now serving at FCI, Forrest City. (Document entry #12).

In this § 2241 action, Petitioner challenges his federal conviction from the Southern District of Texas on the ground that he is "actually innocent" under the United States Supreme Court's recent decision in *United States v. Santos,* __ U.S. __, 128 S. Ct. 2020 (2008)(holding that the federal money-laundering statute's prohibition of transactions involving criminal "proceeds" applied only to transactions involving criminal profits, not criminal receipts).  (Document entry #2). Petitioner requests that his prior conviction from the Southern District of Texas be vacated and expunged from his record. (Document entry #2).

In its Motion to Dismiss, Respondent argues that Petitioner must challenge his conviction and sentence in the sentencing court by filing a § 2255 Motion in the Southern District of Texas. (Document entry #11). Respondent further argues that § 2241 relief is only available to Petitioner if he can demonstrate that a motion pursuant to § 2255 "is inadequate or ineffective," something he has not alleged and cannot prove in this action.  Therefore, Respondent contends that this action must be dismissed.  (Document entry #11).

For the reasons explained below, the Court concludes that, because it lacks jurisdiction, Petitioner's § 2241 Petition for Writ of Habeas Corpus must be denied, and the case dismissed, without prejudice.

---

Petitioner normally would not have been released until sometime in 2001.

## II. Discussion

It is well settled that a collateral challenge to a federal conviction or sentence must be raised in a motion to vacate that is filed in the *sentencing court* under 28 U.S.C. § 2255, and not in a habeas petition filed in the *court of incarceration* under 28 U.S.C. § 2241. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). However, § 2255 contains a "savings clause," which provides that the court of incarceration can hear a challenge to a federal sentence or conviction that is brought in a § 2241 habeas petition in the "rare instance" in which the remedy under § 2255 is "inadequate or ineffective." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Stated differently, the court of incarceration has subject matter jurisdiction over a collateral attack on a conviction or sentence rendered by another district court only if the remedies in the sentencing district are inadequate or ineffective. Importantly, it is the petitioner's burden to establish that his remedies in the sentencing jurisdiction are inadequate or ineffective. *Hill*, 349 F.3d at 1091.

In defining what is meant by "inadequate or ineffective," the Eighth Circuit has held that more is required than merely demonstrating that there is a procedural bar to bringing a § 2255 motion. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). The *Lurie* Court explicitly held that a § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied"; (2) "the petitioner has been denied permission to file a second or successive § 2255 motion"; (3) "a second or successive § 2255 motion has been dismissed"; or (4) "the petitioner has allowed the one year statute of limitations and/or grace period to expire." *Id.* Thus, a habeas petitioner cannot file a § 2241 petition in the district of incarceration merely because he no longer has avenues for relief in the sentencing district.

Here, Petitioner is presently incarcerated at FCI, Forrest City, as a result of his conviction

in the Eastern District of Wisconsin, but he is attacking his previous conviction and sentence from

the Southern District of Texas, a sentence that he has already served.  (Document entry #2).

Because Petitioner's claims clearly are not cognizable in a  28 U.S.C. § 2241 action, this Court

lacks subject matter jurisdiction.

Respondent argues that, because Petitioner is challenging his conviction in the Southern

District of Texas, he must file a § 2255 Motion with that court.  (Document entry #11).  Under 28

U.S.C. § 2255, a defendant in federal custody may seek post conviction relief on the ground: "(1)

that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that

the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of

the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack."

*Lee v. United States,* 501 F.2d 494, 499 (8th Cir. 1974).  Because a § 2255 petition attacks the

validity of the conviction or sentence, it is a "further step in the movant's criminal case," and

subject matter jurisdiction lies with the court in which the defendant was convicted and sentenced.

*DeSimone v. Lacy,* 805 F.2d 321, 323 (8th Cir.1986).

In this case, the Petitioner is no longer "in federal custody" for the conviction he seeks to

challenge.  Accordingly, 28 U.S.C. § 2255 relief is not available.  *See, United States v. Morgan*,

346 U.S. 502, 504 (1954); *United States v. Lavelle*, 194 F.2d 202 (1952)(refusing relief under § 28

U.S.C. 2255 because it had no jurisdiction as the petitioner was no longer in custody under his

sentence.)  Thus, Respondent is incorrect in arguing that Petitioner's remedy is to file a § 2255

motion in United States District Court for the Southern District of Texas.

In his Response to Respondent's Motion to Dismiss, Petitioner acknowledges that he is

challenging his conviction from the Southern District of Texas, not his conviction from the Eastern

District of Wisconsin. He states that, if the Court determines that it does not have jurisdiction

under 28 U.S.C. § 2241, he would not object to the Court characterizing his habeas Petition as a

Petition for Writ of Error Coram Nobis, under 28 U.S.C.A. § 1651[4], and transferring this action to

the Southern District of Texas. (Document entry #13).

In *United States v. Morgan*, the Supreme Court held that a Petition for Writ of Error Coram

Nobis was the proper procedural vehicle for a prisoner to use in attempting to show the invalidity

of an earlier conviction and sentence, which has been served. *Morgan,* 346 U.S. 512-513. The

prisoner in *Morgan* was convicted by a state court and sentenced to a longer term as a second

offender because of a prior federal conviction. *Id.* at 503-504. The United States Supreme Court

reasoned:

> Although the term has been served, the results of the conviction may persist.
> Subsequent convictions may carry heavier penalties, civil rights may be affected.
> As the power to remedy an invalid sentence exists, we think respondent is entitled
> to an opportunity to attempt to show that this conviction was invalid.

*Id.* at 512-513.

If Petitioner wishes to proceed with this action, he must file a Petition for Writ of Error

Coram Nobis in Case No. H-95-CR-00010-SSS-002 in the United States District Court for the

Southern District of Texas. *See*, *Morgan*, 346 U.S. at 505, n.4 (1954)(A motion for a writ of error

coram nobis "is a step in the criminal case and not, like habeas corpus where relief is sought in a

separate case and record, the beginning of a separate civil proceeding...[t]his motion is of the same

general character as one under 28 U.S.C. § 2255").

_____

[4] "A writ of error coram nobis is an 'extraordinary remedy' which should only be granted 'under circumstances compelling such action to achieve justice' and to correct errors of the most fundamental character." *United States v. Camacho-Bordes,* 94 F.3d 1168, 1173 (8th Cir.1996)(quoting *Morgan,* 346 U.S. at 511-12).

### III. Conclusion

IT IS THEREFORE ORDERED that the Petition for a Writ of Habeas Corpus, pursuant to

28 U.S.C. § 2241   (Docket entry #2) is DENIED, and this habeas action is DISMISSED,

WITHOUT PREJUDICE.

Dated this 20th day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE